IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Turnpro LLC | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 21-cv-02763 |
| | ) | |
| v. | ) | |
| | ) | |
| The Entities and Individuals Identified in Annex A | ) | Judge Elaine Bucklo |
| | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

This matter comes before the Court on Turnpro's ("Plaintiff") Motion for Default Judgment. Upon consideration of the Motion, Plaintiff's Complaint, and other previously filed documents, the Court hereby grants such Motion in its entirety and finds and concludes as follows:

**FINDINGS AND CONCLUSIONS**

1. The Court finds that Plaintiff is the owner of the following registered and incontestable trademark ("the Magnetic Finger Trademark"):

| Trademark | Status | Class | Reg. No. | Reg. Date |
|---|---|---|---|---|
| MAGNETIC FINGER | Registered | 8 | 4288854 | 2/12/2013 |

2. The Court finds that Plaintiff properly completed service of process on Defendants by providing notice via electronic publication and email, along with any notice that the Defaulting Defendants received from ecommerce platforms, hosts, and payment

processors, which was reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and affording them the opportunity to answer and present their objections.

3. The Court finds that the Defendants listed in Exhibit A attached to Plaintiff's Motion for Entry of Default Judgment are now in default because they did not plead or otherwise defend this action within the time prescribed by Fed. R. Civ. P. 12.

4. The Court finds that it has personal jurisdiction over the Defaulting Defendants because the Defaulting Defendants directly target their business activities towards consumers in the United States, including Illinois. Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive infringing websites through which Illinois residents can purchase products infringing the Magnetic Finger Trademark. The Defaulting Defendants use the Magnetic Finger Trademark without Plaintiff's permission or consent.

5. The Court finds that Plaintiff prevailed on its claims for federal trademark infringement and counterfeiting pursuant to 15 U.S.C. § 1114, and false designation of origin and unfair competition pursuant to 15 U.S.C. § 1125.

6. The Court finds that Defaulting Defendants' trademark infringement and counterfeiting was willful.

7. The Court finds that Plaintiff will suffer injury for which Plaintiff does not have an adequate remedy at law, if a permanent injunction is not granted.

8. The Court finds that the irreparable harm that the nonmoving parties will suffer if the permanent injunctive relief is granted is outweighed by the potential harm to Plaintiff if an injunction is not issued.

9. The Court finds that the public interest is best served by upholding Plaintiff's rights in its trademark.

Accordingly, the Court issues this Order:

    a. Permanently enjoining Defaulting Defendants from further infringing the Magnetic Finger Trademark;

    b. Permanently restraining Defaulting Defendants from passing off, advertising, marketing, offering to sell, or selling products or inducing others to advertise, market, offer to sell, or sell products that are not authentic, nor authorized Turnpro products in connection with the Magnetic Finger Trademark or any reproduction, counterfeit, copy, or colorable imitation thereof;

    c. Permanently enjoining Defaulting Defendants from causing or attempting to cause a likelihood of confusion among consumers between Defaulting Defendants' products and Turnpro products;

    d. Permanently enjoining Defaulting Defendants from producing, manufacturing, shipping, storing, distributing, or disposing of products that bear the Magnetic Finger Trademark or any reproduction, counterfeit, copy, or colorable imitation thereof;

    e. Permanently enjoining Defaulting Defendants from fraudulently transferring or concealing assets, including but not limited to assets held in electronic accounts associated with or controlled by Defaulting Defendants;

    f. Permanently enjoining Defaulting Defendants from committing any acts calculated to cause consumers to believe the Defaulting Defendants' counterfeit products are those sold under the authorization, control, or

supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

g. Permanently enjoining Defaulting Defendants from further infringing the Magnetic Finger Trademark and damaging Plaintiff's goodwill;

h. Those in privity with Defaulting Defendants and with actual notice of this Order, including ecommerce platform providers, such as Alibaba, AliExpress, Amazon, eBay, Wish, etc., shall within three (3) business days of receipt of this Order:

   a. disable and cease providing services for any accounts through which Defaulting Defendants, in the past, currently or in the future, engage in the sale of goods using the Magnetic Finger Trademark, including, but not limited to, any accounts associated with the Defaulting Defendants listed on Exhibit A attached to Plaintiff's Motion for Entry of Default Judgment; and

   b. disable any account linked to Defaulting Defendants, linked to any e-mail addresses used by Defaulting Defendants, or linked to any of the Infringing webstores/websites.

i. Pursuant to 15 U.S.C. § 1117(c)(1), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of $250,000 for willful violations of the Lanham Act, and willful use of Turnpro's trademark in connection with counterfeit products. As to each Defaulting Defendant, until such Defaulting Defendant has paid in full the award of statutory damages against it:

a. Alibaba, Ali-Express, Amazon, eBay, Newegg, Shopify, Wish, Walmart (collectively the "Platforms") and PayPal, Payoneer, WorldFirst, World First Asia Limited, World First Markets Limited, WorldFirst USA, Inc., Bill.com, Pingpong, Payeco, Umpay/Union Mobile Pay, Moneygram, Western Union and any of their subsidiaries (collectively the "Payment Processors") shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Infringing webstores/websites identified in Annex A, except those dismissed, from transferring or disposing of any money or other of Defaulting Defendants' assets.

b. All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by the Platforms or the Payment Processors are hereby released to Plaintiff as partial payment of the above-identified damages, and are ordered to release to Plaintiff the amounts from Defaulting Defendants' Platform or Payment Processor accounts within ten (10) business days of receipt of this Order.

c. Plaintiff shall have the ongoing authority to serve this Order on the Platforms or the Payment Processors, banks, savings and loan associations, other payment processors, or other financial institutions in the event that any new accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, the

       Platforms or the Payment Processors shall within two (2) business days:

          i. Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Infringing webstores/websites, including, but not limited to, any accounts connected to the information listed in Annex A of the Complaint and any e-mail addresses provided for Defaulting Defendants by third parties;

          ii. Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

          iii. Release all monies restrained in Defaulting Defendants' accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

j. Allowing Turnpro to send notice of supplemental proceedings to Defaulting Defendants by e-mail to the e-mail addresses identified in Annex A to the Complaint if Turnpro identifies any additional online marketplace accounts or financial accounts used or controlled by Defaulting Defendants; and

k. Instructing the Clerk of the Court to release the bond in the amount of $10,000 plus applicable or earned interest to Turnpro's counsel, Marshall, Gerstein & Borun LLP.

**SO ORDERED.**

Dated this 26th day of January, 2022.

*Elaine E. Bucklo*
District Court Judge

6